**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**KELLY WHISBY**
                    **Plaintiff,**

**vs.**                                        **Case No. 5:10cv176/MCR/MD**

**JOHN DOE 1, ASSOCIATE WARDEN
OF MARIANNA FEDERAL PRISON, et al.,**
                    **Defendants.**

_____

**ORDER and
REPORT AND RECOMMENDATION**

Plaintiff, a pre-trial detainee confined at the Duval County Jail, commenced this action on June 14, 2010 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). He has also filed a motion for leave to proceed *in forma pauperis*. (Doc. 4). For the reasons that follow, this case should be dismissed.

The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As of the date plaintiff filed this civil action,[1] he had previously filed at least three cases in the United States District Court for the Middle District of Florida that were dismissed as frivolous: *Whisby v. Duval County Jail,* Case No.

---

[1] The date of filing of the complaint in this case is June 14, 2010, as indicated by plaintiff's sworn statement on the compliant form that the complaint was provided to prison officials for mailing on June 14, 2010. (Doc. 1, p. 7 of complaint form and p. 10 in ECF).

3:09cv1178, a civil rights case filed on December 3, 2009 and dismissed on December 9, 2009; *Whisby v. Kuhn*, Case Number 3:09cv1257, a Federal Tort Claims Act case filed on December 21, 2009 and dismissed on December 28, 2009; *Whisby v. Simmons*, Case Number 3:10cv151, a Federal Tort Claims Act and *Bivens*[2] case filed on February 19, 2010 and dismissed on February 25, 2010; and *Whisby v. Kuhn*, Case Number 3:10cv152, a civil rights case filed on February 19, 2010 and dismissed on February 26, 2010. All of these cases may be positively identified as having been filed by plaintiff because they bear his Duval County Jail inmate number 2009022787. Plaintiff was an inmate of the Duval County Jail at the time of filing each of the foregoing actions. Each action was dismissed prior to plaintiff filing the instant complaint.

Thus, by the time plaintiff brought this civil action, he knew he had three strikes and could not proceed *in forma pauperis*. The issue before the court is whether plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, is entitled to proceed *in forma pauperis*.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis*. According to the Eleventh Circuit in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.; Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).

_____

[2]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

*Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed pursuant to the imminent danger exception.  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").  Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3rd Cir. 2001).

In the instant case, the facts alleged by plaintiff do not show that he is suffering ongoing serious physical injury, or that he is in imminent danger of serious physical injury.  Plaintiff complains that on an unidentified date, the associate warden of Marianna Federal Prison lured him out of his cell so that other correctional officers could assault him.  Plaintiff was then placed in a Special Housing Unit for three months.  These allegations do not suggest an imminent threat of serious physical injury, because plaintiff is no longer confined at Marianna Federal Correctional Institution.[3]

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed

---

[3]Information on the Bureau of Prisons' website indicates that plaintiff, whose Federal Inmate Register Number is 17052-018, was released from BOP custody on October 15, 2007.  See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=17052-018&x=80&y=13.

*in forma pauperis*, this case must be dismissed under § 1915(g).  Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").[4]

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 4) is DENIED.

And it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), and the clerk be directed to close the file.

At Pensacola, Florida this 5th day of August, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[4]Even if plaintiff was entitled to proceed *in forma pauperis*, this case would be subject to dismissal as malicious, because plaintiff did not disclose Case Number 3:09cv1257, Case Number 3:09cv1178, or Case Number 3:10cv151.  (Doc. 1, p. 4 of complaint form and p. 6 in ECF).