IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**KELLY WHISBY,**
      Plaintiff,

v.                                             Case No.  5:10cv176/MCR/MD

**JOHN DOE I et al.,**
      Defendants.
_____

## REPORT AND RECOMMENDATION

This case is before the court on Kelly Whisby's ("Mr. Whisby") motion to reopen case and to proceed *in forma pauperis* (doc. 13).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to N.D. Fla. Loc. R. 72.2(C) (doc. 14).  Based on the pleadings and attachments before the court, the motion should be denied.

**The *in forma pauperis* statute provides:**

**In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g). As of June 14, 2010, when Mr. Whisby filed this civil action (doc. 1), he had previously filed four cases in the United States District Court for the Middle District of Florida that were dismissed as frivolous:  *Whisby v. Duval County Jail,* Case No. 3:09cv1178, a civil rights case filed on December 3, 2009 and dismissed on December 9, 2009; *Whisby v. Kuhn*, Case Number 3:09cv1257, a

Federal Tort Claims Act case filed on December 21, 2009 and dismissed on December 28, 2009; *Whisby v. Simmons*, Case Number 3:10cv151, a Federal Tort Claims Act and *Bivens*[1] case filed on February 19, 2010 and dismissed on February 25, 2010; and *Whisby v. Kuhn*, Case Number 3:10cv152, a civil rights case filed on February 19, 2010 and dismissed on February 26, 2010. Mr. Whisby was an inmate of the Duval County Jail at the time of filing each of the foregoing actions. Therefore, all of these cases may be positively identified as having been filed by him because they bear his Duval County Jail inmate number 2009022787. Each action was dismissed prior to him filing the instant complaint. Thus, by the time Mr. Whisby brought this civil action, he could not proceed *in forma pauperis* unless he established that he was in "imminent danger of serious physical injury."

According to the Eleventh Circuit "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *Id.*; *see also Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g). *Sutton v. Dist. Attorney's Office,* 334 Fed. Appx. 278, 279 (11th Cir. 2009). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colo.,* 157 F.3d 1226, 1231 (10th Cir. 1998).

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to Section 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.") Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001).

Mr. Whisby's prior motion to proceed *in forma pauperis* (doc. 4) was denied on the merits (doc. 5 and doc. 7), and subsequently on reconsideration (doc. 11). The instant motion alleges that even though Mr. Whisby has been released from prison, a Marianna Federal Prison employee cast a perpetual Voodoo spell on him that interferes with his every day way of life (doc. 13). Not only do these new vague allegations not establish any threat of real and imminent danger of physical injury, but the analysis for granting a Section 1915(g) motion is at the time the complaint is filed. Therefore, since no facts are adduced in this motion that establish the "imminent danger" exception at that time, it should be denied.

Moreover, Mr. Whisby did not pay the filing fee at the time he submitted this civil rights action, and because he is not entitled to proceed *in forma pauperis*, this case should be not be reopened. Leave should not be provided so that he can pay the fee because dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma*

*pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to reopen case and proceed *in forma pauperis* (doc. 13) be DENIED.

At Pensacola, Florida this 22nd day of August, 2012.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** ***United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**